**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

vs.                                         Case No. 3:16-cv-1550-J-34JRK

JAN SOCHALSKI, et al.,

    Defendants,

_____

**O R D E R**

**THIS CAUSE** is before the Court sua sponte on the issue of whether the Court has subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

Plaintiff Prudential Insurance Company of America (Prudential) alleges in its Complaint in Interpleader (Doc. 1; Complaint), that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335. Complaint ¶ 6. Section 1335 provides the district courts with jurisdiction over a statutory interpleader claim if the following requirements are met: (1) the money or property in the plaintiff's possession is valued at $500 or more; (2) two or more adverse claimants of diverse citizenship have claims or potential claims for the money or property in controversy; and (3) the plaintiff deposits the money or property in controversy into the registry of the Court, or gives a bond payable to the Clerk in the amount of such money or property. 28 U.S.C. § 1335; see also John Alden Life Ins. Co. v. VanLandingham,

No. 5:04CV538OC10GRJ, 2006 WL 1529047, at *3 (M.D. Fla. May 30, 2006)[1]; Great Am. Life Ins. Co. v. VanLandingham, No. 5:05-CV-155-OC-10GRJ, 2005 WL 2149281, at *1 (M.D. Fla. Sept. 6, 2005). Here, according to the allegations of Prudential's Complaint, the amount in controversy exceeds $11,000.00, the remaining outstanding death benefit of the insurance policy in dispute. See Complaint ¶¶ 12-21. In addition, Prudential alleges that "minimal diversity" exists because "Defendants are residents of New Jersey and Florida." Id. ¶¶ 3-6. However, upon review, the Court is unable to determine whether it has subject matter jurisdiction over the instant action.

Subject matter jurisdiction under section 1335(a) requires "diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title . . . ." See 28 U.S.C. § 1335(a). Pursuant to binding Eleventh Circuit authority interpreting § 1332(a), to establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

Because the Complaint discloses each Defendant's residence, rather than her domicile or state of citizenship, the Court finds that Prudential has not alleged the facts

---

[1] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

necessary to establish the Court's jurisdiction over this case. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'"). Accordingly, the Court will give Prudential an opportunity to establish diversity of citizenship between the parties.

In addition, a review of the Court's Docket reveals that the third requirement for subject matter jurisdiction, that of depositing the disputed policy proceeds in the Court registry, or a bond with the Clerk of the Court, has not been met.[2]  In order for the Court to have jurisdiction over this interpleader action, brought pursuant to 28 U.S.C. § 1335, the policy proceeds must be deposited to the registry of the Court.  Thus, in order to cure this jurisdictional defect, the Court will direct Prudential to deposit the remaining death benefit payable from Henry Sochalski, Jr.'s membership in the group life insurance policy issued to The State Treasurer of New Jersey–Police & Firemen's Retirement System of New Jersey, policy number G-14800, see Complaint ¶¶ 8-9, Ex. A, plus accrued interest, into the registry of the Court on or before January 20, 2017, and to file a Notice with the Court that it has done so. In light of the foregoing, it is

**ORDERED**:

1. Prudential shall have until **January 6, 2017**, to provide the Court with sufficient information as to diversity so that it can determine whether it has jurisdiction over this action.

---

[2] Prudential states in its Complaint that it "will deposit with the Court the Death Benefit, plus applicable claim interest, if any, for disbursement in accordance with the judgment of this Court." Complaint ¶ 25.

2. Prudential is directed to **DEPOSIT** the remaining death benefit payable from Henry Sochalski, Jr.'s membership in the group life insurance policy issued to The State Treasurer of New Jersey–Police & Firemen's Retirement System of New Jersey, policy number G-14800, see Complaint ¶¶ 8-9, Ex. A, plus accrued interest, into the registry of the Court, on or before **January 20, 2017**, and to file a Notice with the Court that it has done so. If Prudential fails to deposit the disputed insurance proceeds (or submit to the Court a bond payable to the Clerk in the amount of such money), then the case will be dismissed without prejudice for lack of subject matter jurisdiction.

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of December, 2016.

*MARCIA MORALES HOWARD*
United States District Judge

lc11
Copies to:
Counsel of Record